155 So. 638

## HOLCOMBE v. MOBILE COUNTY.

### I Div. 148.

Court of Appeals of Alabama.

May 8, 1934.

Rehearing Denied May 22, 1934.

Gordon, Edington & Leigh, of Mobile, for appellee.

BRICKEN, Presiding Judge.

Appellant, the sheriff of Mobile county, brought this suit against the county, claim-

ing, and seeking to recover, the sum of $386.86, due to him for wood and gas used in the jail kitchen in the preparation of food for the prisoners confined in said jail. In each count of the complaint it is averred that said claim had been properly itemized, verified, and filed with the board of revenue and road commissioners and that said board had disallowed said claim.

The court below sustained demurrers to the complaint, and because of this adverse ruling the plaintiff took a nonsuit and appealed.

 The demurrers to the complaint, and to the complaint as amended, while consisting of numerous grounds, present as we see it the single proposition as to whether or not the county of Mobile is liable for the cost of the fuel used in cooking the prisoners' food in the county jail.

Appellant insists that the county is liable, and cites as authority several rulings of the Attorney General. He also relies upon section 4878 of the Code 1923 as statutory authority to this end. Said section is as follows:

"The expense incident to the construction, maintenance, sanitation, healthfulness and hygiene of each county jail, prison, and almshouse in this state shall be paid out of the funds of the county in which such institution is located and of the town or city, if the institution be a town or city institution."

Written opinions of the Attorney General are not controlling. They are merely advisory and, under the statute, such opinions operate only to protect the officer to whom it is directed from liability because of any official act performed by such officer as directed or advised in such opinion. Section 869, Code 1923. In other words, in the absence of express statutory provisions, the liability upon the county, as here sought, cannot be fixed by the opinion of the Attorney General or by other construction. As we see it, section 4878 of the Code 1923, above quoted, has no application whatever to the point of decision involved upon this appeal. By its express terms it has application only to the structure, to the jail building, and to the almshouse, etc., and manifestly it does not embrace food or its preparation, therefore appellant's insistence to the contrary cannot be sustained. There is no law in this state, either expressed or implied, which imposes upon the several counties the duty and expense of feeding prisoners nor for preparing and serving food to them. Certainly the term "preparing and serving food," contemplates and includes the cooking of the food. Under the statute the state must bear the expenses of feeding prisoners in confinement. Section 4828 of the Code 1923 is conclusive as to this. The section reads as follows:

"There shall be allowed the sheriff for preparing and serving food the additional amount of twenty-five cents a day per capita for each prisoner up to and including five; twenty cents a day per capita for each prisoner in excess of five up to and including ten; and five cents a day per capita for each prisoner in excess of ten up to and including eighty-five, but there shall be no further allowance for any number of prisoners in excess of eighty-five. The minimum allowance to the sheriffs under this section shall be not less than a dollar a day."

The elaborate briefs filed by eminent counsel for respective parties would probably justify an extended opinion on the point involved, but this does not appear to us to be necessary.

There was no error in the ruling of the lower court, the cause will therefore stand affirmed.

Affirmed.