182 So. 411

## BROADFOOT v. STATE.

### 8 Div. 590.

Court of Appeals of Alabama.

June 21, 1938.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant, defendant in the lower court, was indicted charged with the offense of violating the State prohibition laws, by having prohibited liquors in his possession unlawfully. There were three counts in the indictment, but count three thereof was eliminated by the court, after the evidence was closed, for the reason there was no evidence adduced upon the trial to sustain the charge contained in said count.

Counts one and two of the indictment were in proper form and substance, and were drawn in strict conformity to the provisions of section 4644 of the Code of 1923. There was no error in the ruling of the court upon the demurrers interposed by defendant to said counts one and two of the indictment.

The evidence adduced upon the trial was confined to that given by the witnesses for the State. This evidence was without conflict or dispute, as the defendant offered no testimony upon the trial of this case.

The exceptions reserved to the court's rulings upon the admission of evidence, although numerous, are without merit. In nearly every instance the testimony admitted, over the objection and exception, related to the res gestæ and was therefore admissible.

It is quite evident that some of the rulings of the court were invoked upon the theory that the admitted action of the accused, wherein it was shown he was in possession of about eight cases of prohibited lager beer found in the ice box, and in an adjoining room of his store and place of business, was justified under the prevailing idea, at the time of the trial of this case, to the effect that a person who legally acquired possession by purchase of alcoholic liquors in a wet county, could lawfully retain possession of same in a dry county. The "prevailing idea," above referred to, appears to have been founded upon a certain advisory opinion of the Attorney General of Alabama. In fact, the record shows that upon cross-examination of the principal State witness in this case, Ray Blakely, Chief Deputy Sheriff, with the consent of the trial judge, the defendant asked said witness: "Q. Ray, isn't it a matter of common knowledge that shortly after the passing of this act under which we now operate, (referring to the Alabama Beverage Control Act, Gen. and Loc.Acts 1936–37, Sp.Sess. p. 40 et seq.), and up until the time this thing happened, the Attorney General ruled this beer could be legally possessed. Ans: State stamped beer, yes sir, it could be legally possessed."

∎ The "prevailing idea," and "general understanding," above referred to, was without foundation, and wholly unwarranted; and under no circumstances afforded relief or justification for the illegal acts shown by the testimony to have been committed by this appellant. This would be true even had the Attorney General rendered an opinion upon which the said prevailing idea and general understanding could have been founded or based. For, as stated, in our case of Holcombe v. Mobile County, 26 Ala.App. 151, 155 So. 638; and

also in Hill Grocery Co. v. State, 26 Ala. App. 302, 159 So. 269, written opinions of the Attorney General are not controlling. They are merely advisory and, under the statute, such opinions operate only to protect the officer to whom it is directed from liability because of any official act performed by such officer as directed or advised in such opinion. Section 869, Code 1923.

Upon investigation, however, we · find that the Attorney General of this State has never rendered any opinion which could properly be construed to authorize any person to make or *sell* alcoholic liquors in the "dry" counties of this State. On April 3, 1937, in response to an inquiry from the Sheriff of Walker County, towit: (1) "Can alcoholic beverages, including liquor legally purchased in a wet county in Alabama, be legally possessed in a dry county in Alabama?" In an exhaustive and ably expressed opinion, (Quarterly Report Attorney General, Vol. 7, April 1, 1937 to June 30, 1937) the Attorney General replied in substance, that it could so be possessed for personal use or consumption. Later, in a subsequent advisory opinion, the Attorney General stated:

"I am of the opinion that the keeping of legally purchased alcoholic beverages of any kind in an eating establishment or cafe would amount to prima facie evidence that same were kept for sale or distribution, or with the intent that they be sold or distributed contrary to law. The Legislature in Section 4685 has declared a rule of evidence, which it had power to do. Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021. I find nothing in the Alabama Beverage Control Act which repeals this provision in dry counties.

"I am further of the opinion that the sheriff has authority to seize such alcoholic beverages in a dry county, under the above circumstances, and that he would not be liable to the owner of such alcoholic beverages so seized. Of course, the question of whether or not such alcoholic beverages in a dry county were possessed for the purpose of sale or distribution contrary to law is a question of fact for the court or jury, to be determined by all of the attendant circumstances.

"If upon a trial of the issues the court or jury, as the case may be, should decide in favor of the defendant, such finding amounting to a legal determination by them that said alcoholic beverages were not possessed for sale or distribution contrary to law, then the possession of same would be legal and the beverages should be returned by the officers to the person or persons from whom seized.

"As pointed out in an opinion to Hon. E. Dick Burrows, Sheriff of Walker County, copy of which opinion has been mailed to you, 'all alcoholic beverages other than those manufactured, transported, sold and distributed in accordance with the provisions of the Alabama Beverage Control Act, are still illegal and the existing statutes in regard to the possession of the same are still in full force and effect.' I refer you to this opinion for a further development of this idea."

Numerous other advisory opinions have been promulgated from the office of the Attorney General, in none of them, however, has that office advised that the prohibition law is not in force and effect in the counties which voted "dry."

 As to the legal possession of liquor in a dry county even for personal use, the two appellate courts of this State have decided contrary to the advisory opinion of the Attorney General on this question. Having so declared, it is now the law there can be no legal possession of prohibited liquors for any purpose in any of the "dry counties" of this State.

No reversible error appears in any of the rulings of the court on the trial of this case. The record being regular and without error also, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.