ALMON, Justice.
J.M.R. appeals from the dismissal of his action requesting declaratory relief and seeking damages pursuant to 42 U.S.C. § 1983. His complaint asserts that § 15-23-17(b), Ala.Code 1975, which, at the pertinent time, authorized 'victim compensation assessments only in felony and misdemeanor cases, was not applicable to adjudications under the Youthful Offender Act, § 15-19-1 et seq., Ala.Code 1975.
In 1994, J.M.R. was afforded youthful offender status on a criminal charge against him. Pursuant to a negotiated plea, he paid a $25.00 victim compensation assessment. At that time, § 15-23-17(b) provided for a victim compensation assessment against “any person convicted or pleading guilty to a felony or misdemeanor.” However, a “determination made under the provisions” of the Youthful Offender Act “shall not be deemed a conviction of crime.” § 15-19-7(a). In June 1995, J.M.R. filed a complaint, individually and seeking certification of a class of all persons determined to be youthful offenders who have paid victim compensation assessments.
On July 27, 1995, the legislature passed Act No. 95-494, Ala. Acts 1995, which amended § 15-23-17(b) to allow victim compensation assessments against “any person convicted or pleading guilty to a felony or a misdemeanor or a violation for which the person is adjudicated a juvenile delinquent, or a youthful offender.” Thus, the declaratory judgment count of J.M.R.’s complaint can afford no prospective relief and was properly dismissed as moot. City of Mobile v. Scott, 278 Ala. 388, 178 So.2d 545 (1965).
Against the count seeking damages under 42 U.S.C. § 1983, the defendants raised qualified immunity as a defense. Under the qualified immunity defense to § 1983 actions, “government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). At the time of the assessment against J.M.R., two attorney general opinions appeared to authorize such assessments against juvenile delinquents and youthful offenders. Opinions No. 84-361 and No. 89-41. While we express no opinion on whether the analysis of the law in those two opinions was correct as to § 15-23-17(b) before its amendment, we conclude that they prevented the law from being “clearly established” that youthful offenders were not subject to compensation assessments.[1] Under the circumstances alleged in the complaint and under the law existing at the time of the events in question, we hold that the § 1983 claim against the individual defendants cannot withstand a qualified immunity defense. Therefore, the count was properly dismissed as to those defendants.
Nor can the § 1983 claim lie against the county. J.M.R. entered a negotiated plea upon which the youthful offender determination and the victim compensation assessment were based. Because he consented to the imposition of the assessment and because he had a remedy by appeal for any claim of error in the assessment, it cannot be said that he has been subjected under color of state law to a “deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].” In Callahan v. Wallace, 466 F.2d 59 (5th *211 Cir.1972), the Court of Appeals for the former Fifth Circuit affirmed a denial of § 1983 relief where the class plaintiffs had, before justices of the peace who had pecuniary interests in the fines, pleaded guilty to traffic misdemeanors and paid fines averaging $22. Among the reasons for the affirmance in Callahan was the fact that the plaintiff class members, “by entering pleas of guilty and paying fines, were simply disposing of their misdemeanor cases as expeditiously and as conveniently as possible,” 466 F.2d at 61. Similar considerations support the circuit court’s holding that the facts alleged by J.M.R. will not support relief under § 1983: the victim compensation assessment was agreed to as part of a beneficial resolution of charges against the defendant.[2] Furthermore, this action amounts to a collateral attack on the judgment, which will not lie in these circumstances. Brown v. State, 565 So.2d 585 (Ala.1990).
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.

. Attorney general opinions, while not having the force of law, protect officers acting in reliance on them "from liability to either the state, county or other municipal corporation,” Ala.Code 1975, § 36-15-19. However, this section has been held not to protect such an officer "against the claims of individuals which result from an erroneous construction of law affecting his duties.” Curry v. Woodstock Slag Corp., 242 Ala. 379, 381, 6 So.2d 479, 480 (1942). Moreover, under § 36-15-19, an attorney general opinion protects the officer "to whom it is directed or for whom it is secured," and none of the defendants here secured the opinion in question. For these reasons, and because § 36-15-19 arguably could not provide a defense to a § 1983 claim, we do not rely on § 36-15-19.

. Presumably, even a youthful offender who did not consent to the determination and who received a higher assessment would be barred from bringing a § 1983 action, by a failure to appeal from the youthful offender determination. In any event, J.M.R. would not be an adequate class representative to pursue such a claim, so the dismissal was proper even as to the class claims.