The Alabama Department of Revenue ("the Department") appeals from an order of the Jackson Probate Court exempting the Jackson County Fair Association ("the Association") from all state, county, and municipal taxation.
The facts before us are straightforward. The Association sells tickets patrons use to gain admission to its annual county fair. On June 3, 2004, in preparation for the fair, Melton B. Arnold, as chairman of the Association filed a petition in the Jackson Probate Court seeking an order declaring that its fair was a "county fair" under Ala. Code 1975, § 40-9-1(12), "so that admission tickets to said fair will be exempt from all state, county, and municipal taxation" in accordance with that Code section. The Department filed a response, arguing *Page 193 
that the probate court lacked jurisdiction to decide a tax-exemption question and that, regardless of the jurisdictional issue, the tax exemption was not warranted by the Alabama Code. The probate court entered a final order on July 14, 2004, finding that it had jurisdiction and exempting the Association from taxation. The Department appeals. The Association has moved to dismiss the appeal.
The Department asserted below, and asserts likewise on appeal, that the Jackson Probate Court lacked subject-matter jurisdiction to decide the tax-exemption issue. The Association has filed no response on the merits of the case; rather, it has simply filed a half-page motion to dismiss the appeal, acknowledging that if the probate court did not have subject-matter jurisdiction, then its judgment is void, and a void judgment will not support an appeal. The Association apparently believes that if this Court has no jurisdiction over the appeal on the basis that the judgment appealed from is void, it is powerless to do anything about that judgment.
Because the Association's motion to dismiss is predicated on the premise that this Court lacks jurisdiction over the appeal because the trial court lacked subject-matter jurisdiction, we must first address that argument. Our review of the argument that the trial court lacks subject-matter jurisdiction is, of course,de novo. The Association cites Eitzen v. Medical LicensureCommission of Alabama, 709 So.2d 1239 (Ala.Civ.App. 1998), which, as the Association notes, holds that "a void judgment will not support an appeal." 709 So.2d at 1240. This Court has held likewise. In Dunning v. New England Life Insurance Co.,890 So.2d 92 (Ala. 2003), we concluded that a trial court had no subject-matter jurisdiction. Our remedy then and our remedy today, should we find no subject-matter jurisdiction below, was to dismiss the appeal and vacate the trial court's judgment.Dunning, 890 So.2d at 98.
"The jurisdiction of the probate court is limited to the matters submitted to it by statute." Wallace v. State,507 So.2d 466, 468 (Ala. 1987). Put another way, the probate court is a creature of statute. The statute governing the jurisdiction of a probate court, Ala. Code 1975, § 12-13-1, provides, in part:
 "(a) The probate court shall have original and general jurisdiction as to all matters mentioned in this section and shall have original and general jurisdiction as to all other matters which may be conferred upon them by statute, unless the statute so conferring jurisdiction expressly makes the jurisdiction special or limited.
 "(b) The probate court shall have original and general jurisdiction over the following matters:
"(1) The probate of wills.
 "(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.
 "(3) All controversies in relation to the right of executorship or of administration.
 "(4) The settlement of accounts of executors and administrators.
 "(5) The sale and disposition of the real and personal property belonging to and the distribution of intestate's estates.
 "(6) The appointment and removal of guardians for minors and persons of unsound mind.
 "(7) All controversies as to the right of guardianship and the settlement of guardians' accounts.
 "(8) The allotment of dower in land in the cases provided by law. *Page 194 
"(9) The partition of lands within their counties.
 "(10) The change of the name of any person residing in their county, upon his filing a declaration in writing, signed by him, stating the name by which he is known and the name to which he wishes it to be changed.
 "(11) Such other cases as jurisdiction is or may be given to such courts by law in all cases to be exercised in the manner prescribed by law."
None of the specific statutory provisions in subsections (b)(1) through (b)(10) give a probate court the authority to decide whether a tax exemption is available to an entity. The parties have not cited, and we cannot find, any other statute justifying the probate court's assumption of jurisdiction in this case under the "catchall" provisions of subsection (a) and subsection (b)(11).
The Association's only authority supporting the theory that the probate court had jurisdiction over a tax-exemption issue, asserted to the probate court, but not mentioned in its motion to dismiss, is an attorney general's opinion issued to a different probate court than the one in question in this case, opining that "a probate judge can determine if a fair is exempt from licensing or taxes under section 40-9-1(12) of the Code. . . ." 2003 Op. Att'y Gen. 100 (Mar. 11, 2003). The attorney general, however, representing the Department on appeal of this case, disavows that opinion as erroneous, explaining that it represents "the sort of mistake that sometimes happens when legal advice is given in a non-adversarial context." We agree with the attorney general's current position; such opinions are not controlling, but merely advisory, and serve to offer protection from liability only to "such officer" to whom that opinion is directed. Ala. Code 1975, §36-15-19; see also Broadfoot v. State, 28 Ala.App. 260,182 So. 411 (Ala.App. 1938); J.M.R. v. County of Talladega,686 So.2d 209, 210 n. 1 (Ala. 1996).
Because we can find no basis on which to conclude that the Jackson Probate Court had jurisdiction to decide the question of the Association's tax status, we hereby vacate its order of July 14, 2004, and dismiss the appeal.
JUDGMENT VACATED; APPEAL DISMISSED.
NABERS, C.J., and SEE, STUART, and BOLIN, JJ., concur.