COBB, Chief Justice.
 

 Championcomm.net of Tuscaloosa, Inc., appeals from a December 26, 2007, arbitration “award” in favor of Yvonne Morton. We dismiss the appeal for lack of subject-matter jurisdiction.
 

 Procedural History
 

 On May 16, 2002, Morton and Sherry Higginbotham, individually and as representatives of a class, sued Champion-comm.net and others (collectively “the payday lenders”) in the Tuscaloosa Circuit Court. Their complaint contained numerous statutory and tort claims. Morton and Higginbotham alleged that the payday lenders had conspired to engage in lending practices in violation of numerous laws and regulations by implementing a scheme to issue payday loans at rates in excess of 500 percent per annum. Morton and Higginbotham alleged that the payday lenders sought to evade Alabama’s usury laws by characterizing their payday loans as monthly “Internet service” that provided an initial cash rebate paid to customers who “subscribed” to the service.
 

 On June 21, 2002, Championcomm.net filed a motion to compel arbitration. After the expiration of a stay pending the resolution of an appeal in a different case involving the regulation of payday-lending practices,
 
 [1]
 
 the trial court granted Cham-pioncommmet’s motion to compel arbitration on March 29, 2006. Subsequently, a dispute arose before the arbitrator as to whether the language of the arbitration contracts at issue permitted the arbitrator to conduct the arbitration of Morton’s
 
 *1199
 
 claims
 
 [2]
 
 against Championcomm.net as a class action. On December 26, 2007, the arbitrator issued a “Partial Final Clause Construction Award of Arbitrator” in which, after setting forth a lengthy, detailed analysis of controlling caselaw, the arbitrator concluded that the relevant contract language permitted Morton to pursue class claims against Champion-comm.net in arbitration and awarded Morton permission to pursue class claims in arbitration accordingly. Champion-comm.net refers to the decision of the arbitrator as an “award” and pursues this appeal accordingly. Because we hold that the decision of the arbitrator does not provide a basis for appeal, we do not address whether that decision constitutes an arbitration award.
 

 On January 7, 2008, Championcomm.net filed its notice of appeal from the December 26, 2007, decision of the arbitrator, together with a copy of the decision, in the Tuscaloosa Circuit Court.
 
 See
 
 § 6-6-15, Ala.Code 1975 (specifying the procedure for perfecting an appeal from an arbitration award
 
 [3]
 
 ). However, we find no indication in the record that the Tuscaloosa Circuit clerk entered the award as the judgment of that court.
 
 See id.
 
 (“[T]he clerk or register shall enter the [arbitration] award as the judgement of the court.”);
 
 cf.
 
 9 U.S.C. § 13 (“The judgment shall be docketed as if it was rendered in an action.”).
 

 Standard of Review
 

 “On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction. Rather, we are obligated to dismiss an appeal if, for any reason, jurisdiction does not exist.
 
 See Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983) (‘Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction
 
 ex mero motu.’
 
 (citing
 
 City of Huntsville v. Miller,
 
 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).”
 

 Ex parte Alabama Dep’t of Human Res.,
 
 999 So.2d 891, 894-95 (Ala.2008).
 

 Analysis
 

 With some exceptions not applicable here,
 
 [4]
 
 this Court is without jurisdiction to hear an appeal in the absence of a final judgment.
 
 See Hamilton ex rel. Slate-Hamilton v. Connolly,
 
 959 So.2d 640, 642 (Ala.2006) (quoting
 
 Cates v. Bush,
 
 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)). We therefore must consider whether a final judgment exists from which this appeal may lie.
 

 In
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 467 (Ala.2008), this Court made clear that a judgment entered by the circuit clerk on an arbitration award pursuant to § 6-6-15, Ala.Code 1975, “does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the
 
 *1200
 
 arbitration award.” 999 So.2d at 467. Furthermore, as this Court observed in
 
 Jenks v. Harris,
 
 990 So.2d 878, 882 (Ala.2008), the trial court’s order on such a motion is void unless the circuit clerk has first entered the arbitration award as the judgment of the court.
 

 It follows from these cases, and, more importantly, from the plain language of § 6-6-15, Ala.Code 1975, which governs the procedure for effecting an appeal in this case,
 
 [5]
 
 that an arbitration award does not constitute a final judgment subject to review in our appellate courts merely upon the filing of the award, along with a notice of appeal, in the appropriate circuit court.
 
 See
 
 § 6-6-15, Ala.Code 1975 (“[T]he clerk or register shall enter the [arbitration] award
 
 as the judgement of the court. Thereafter,
 
 unless within 10 days the court shall set aside the award ...
 
 the judgment
 
 shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside,
 
 such action shall be a final judgement from which an appeal shall lie
 
 as in other cases.” (emphasis added));
 
 cf. Birmingham News Co. v. Horn,
 
 901 So.2d 27, 31 (Ala.2004) (“On January 13, 2003, the circuit clerk entered the arbitrators’ awards
 
 as the judgments of the court.
 
 The trial court did nothing further, so that on January 23, 2003, pursuant to Ala.Code 1975, § 6-6-15, the
 
 judgments became final.”
 
 (footnote omitted)),
 
 overruled on other grounds, Hereford v. D.R. Horton, Inc.,
 
 [Ms. 1070396, Jan. 9, 2009] 13 So.3d 375, 379 (Ala.2009), and
 
 Horton Homes, supra; Collins v. Louisville & Nashville R.R.,
 
 70 Ala. 533, 533-34 (1881) (“In the absence of a statute authorizing it, an appeal, writ of error, or other revisory remedy, will not lie to any court from the award of arbitrators. ... The statute (Code of 1876, § 3547) authorizes the courts of primary jurisdiction to enter ... the award of arbitrators, as the judgment or decree of the court ...; and, employing the language of the statute, ‘from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal shall lie, as in other cases.’ ... The statute gives an appeal from that judgment, and not from the award.”).
 

 Under the circumstances, there is no final judgment from which Champion-comm.net can appeal. Therefore, we dismiss the appeal.
 
 See Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 362 (Ala.2004) (“ “When it is determined that' an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal
 
 ex mero motu.”
 
 ’ ” (quoting
 
 Tatum v. Freeman,
 
 858 So.2d 979, 980 (Ala.Civ.App.2003), quoting in turn
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974))).
 

 APPEAL DISMISSED.
 

 SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
 

 MURDOCK, J., concurs in the result.
 

 [1]
 

 . On July 18, 2002, the trial court granted the payday lenders’ joint motion to stay the proceedings pending this Court's resolution of an appeal from the Montgomery Circuit Court’s final order in
 
 Alabama Check Cashers Ass’n v. State Banking Department of Alabama,
 
 CV-1998-1555. At issue in
 
 Alabama Check Cashers
 
 was whether the Alabama Small Loan Act, § 5-18-1
 
 et seq.,
 
 Ala.Code 1975, applied to payday lenders who cashed customers’ personal checks for a fee and held those checks until the customers received their next paychecks. On November 18, 2005, this Court issued its opinion in
 
 Alabama Check Cashers. See Austin v. Alabama Check Cashers Ass’n,
 
 936 So.2d 1014 (Ala.2005), holding that the Alabama Small Loan Act does apply.
 

 [2]
 

 . Apparently Higginbotham’s claims were treated independently of Morton’s.
 

 [3]
 

 . On December 10, 2008, this Court adopted Rule 7 IB, Ala. R. Civ. P., which establishes a procedure for appealing from an arbitration award and supersedes § 6-6-15. It also adopted Rule 71C, Ala. R. Civ P., which deals with the entry of arbitration awards. Rule 7IB and Rule 71C are effective February 1, 2009.
 

 [4]
 

 .See
 
 Rules 4(a) and 5, Ala. R.App. P.;
 
 see also
 
 Rule 54(b), Ala. R. Civ. P. (permitting the trial court to “direct the entry of final judgment as to one or more but fewer than all the claims or parties” in an action under certain circumstances).
 

 [5]
 

 .
 
 See
 
 note 3
 
 supra.