24 So.3d 1102 (2009)
Jason PARHAM
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA.
1070717.
Supreme Court of Alabama.
May 29, 2009.
Joe R. Whatley, Jr., W. Tucker Brown, Adam P. Plant, and Sara C. Hacker of Whatley Drake & Kallas, LLC, Birmingham; Edith M. Kallas of Whatley Drake & Kallas, LLC, New York City; Lynn W. Jinks III, Christina D. Crow, and Nathan A. Dickson II of Jinks, Crow & Dickson, P.C., Union Springs; and David L. Selby II of Kee & Selby, LLP, Birmingham, for appellant.
Michael L. Bell and S. Andrew Kelly of Lightfoot, Franklin & White, LLC, Birmingham, for appellee.
Robert A. Huffaker of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for amici curiae Business Council of Alabama, Alabama Civil Justice Reform Committee, Automobile Dealers Association of Alabama, and Alabama Bankers Association, in support of the appellee.
SMITH, Justice.
Jason Parham appeals from a February 6, 2008, order purporting to vacate an arbitration award in Parham's favor. We dismiss the appeal for lack of subject-matter jurisdiction.

Facts and Procedural History
On January 11, 2007, Jason Parham, individually and as representative of a class, filed a complaint in arbitration with the American Arbitration Association ("the AAA"). Parham's complaint contained numerous statutory, contract, and tort claims. Parham alleged that American Bankers Insurance Company of Florida ("American Bankers") had charged Parham and other purchasers of an extended warranty, which was designated as the "Home Buyers Protection Plan," premiums for services the purchasers did not receive. Specifically, Parham alleged that, in August 2003, he purchased from American Bankers an extended warranty for his newly purchased manufactured home; that, under the terms of the extended warranty, coverage would become effective upon expiration of the manufacturer's one-year warranty and remain effective for 60 months; that the extended warranty actually *1103 became effective on the same date as the manufacturer's warranty; and, as a result, that he had received coverage for only 48 months of the 60-month extended warranty period because the manufacturer's warranty superseded the extended warranty during the 12-month period that both warranties were in place concurrently. Parham further alleged that "[t]hrough this scheme [American Bankers] has received unearned premiums from [Parham] and others similarly situated."
On July 30, 2007, in accordance with Rule 3 of the AAA's Supplementary Rules for Class Arbitrations, the arbitrator issued an order referred to as a "clause construction award."[1] In that order, the arbitrator concluded that the language of the arbitration clause in the extended warranty permitted Parham to pursue class claims against American Bankers in arbitration and awarded Parham permission to pursue class claims in arbitration accordingly. On August 7, 2007, American Bankers filed in the trial court both a complaint seeking a judgment declaring the arbitrator's order void and directing the trial court to order the arbitrator to enter an order precluding arbitration of class claims and a motion to vacate the arbitrator's July 30, 2007, order; in each of those filings, American Bankers contended that the order was due to be vacated because, according to American Bankers, "the Arbitrator exceeded his authority, ignored applicable Alabama law, and improperly reformed the contract at issue." On September 24, 2007, Parham filed a motion to compel arbitration of the class claims or, in the alternative, to dismiss American Bankers' complaint for declaratory relief.
On February 6, 2008, the trial court entered an order purporting to grant American Bankers' motion to vacate and "direct[ing] the Arbitrator to enter a new Clause Construction Award consistent with Alabama substantive law." This appeal followed.

Discussion
On appeal, Parham argues, among other things, that the trial court's order vacating the arbitrator's order is void because, Parham contends, the trial court lacked subject-matter jurisdiction to review that award. Our review of the argument that the trial court lacks subject-matter jurisdiction is de novo. State Dep't of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005).
In Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197 (Ala.2009), this Court stated:
"With some exceptions not applicable here,4 this Court is without jurisdiction to hear an appeal in the absence of a final judgment. See Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006) (quoting Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)). We therefore must consider whether a final judgment exists from which this appeal may lie.
"In Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), this Court made clear that a judgment entered by the circuit clerk on an arbitration award pursuant to § 6-6-15, Ala.Code 1975, `does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to *1104 vacate filed by a party seeking review of the arbitration award.' 999 So.2d at 467. Furthermore, as this Court observed in Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008), the trial court's order on such a motion is void unless the circuit clerk has first entered the arbitration award as the judgment of the court.
"It follows from these cases, and, more importantly, from the plain language of § 6-6-15, Ala.Code 1975, which governs the procedure for effecting an appeal in this case,[2] that an arbitration award does not constitute a final judgment subject to review in our appellate courts merely upon the filing of the award, along with a notice of appeal, in the appropriate circuit court. See § 6-6-15, Ala.Code 1975 (`[T]he clerk or register shall enter the [arbitration] award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award ... the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases.' (emphasis added)); cf. Birmingham News Co. v. Horn, 901 So.2d 27, 31 (Ala.2004) (`On January 13, 2003, the circuit clerk entered the arbitrators' awards as the judgments of the court. The trial court did nothing further, so that on January 23, 2003, pursuant to Ala.Code 1975, § 6-6-15, the judgments became final.' (footnote omitted)), overruled on other grounds, Hereford v. D.R. Horton, Inc., 13 So.3d 375, 381 (Ala. 2009), and Horton Homes, supra; Collins v. Louisville & Nashville R.R., 70 Ala. 533, 533-34 (1881) (`In the absence of a statute authorizing it, an appeal, writ of error, or other revisory remedy, will not lie to any court from the award of arbitrators.... The statute (Code of 1876, § 3547) authorizes the courts of primary jurisdiction to enter ... the award of arbitrators, as the judgment or decree of the court ...; and, employing the language of the statute, "from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal shall lie, as in other cases." ... The statute gives an appeal from that judgment, and not from the award.').
4"See Rules 4(a) and 5, Ala. R.App. P.; see also Rule 54(b), Ala. R. Civ. P. (permitting the trial court to `direct the entry of final judgment as to one or more but fewer than all the claims or parties' in an action under certain circumstances)."
12 So.3d at 1199-1200 (footnote omitted).
We find no indication in the record that the clerk of the Shelby Circuit Court entered the arbitrator's order as the judgment of that court as required under § 6-6-15, Ala.Code 1975; thus, there is no final judgment from which Parham can appeal. Accordingly, the trial court's February 6, 2008, order is void and is hereby vacated, and this appeal is dismissed. See Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998) ("A judgment of a court without jurisdiction is void. An appeal will not lie from a void judgment." (citing, among other cases, Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala.1991))).
JUDGMENT VACATED; APPEAL DISMISSED.
*1105 COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., dissents.
MURDOCK, Justice (dissenting).
Because I read § 6-6-15, Ala.Code 1975, as providing to a party aggrieved by a circuit judge's "setting aside" of an arbitration award the right to appeal from that action by the judge regardless of whether the circuit clerk had previously performed the ministerial duty of making a formal entry of the award (which, even if performed, would only have had the effect of converting the award into a preliminary, nonappealable judgment), I respectfully dissent.
Section § 6-6-15 provides for the return of an arbitration award and associated papers to the circuit court ("to the court to which the award is returnable"). Upon that return, the court has jurisdiction over the case. (I am not aware of any situation in which a court's jurisdiction over a case depends on a preliminary judgment first having been entered by that court in the case, rather than whether the appropriate papers and filing fee have been delivered to the court.) At that juncture, by virtue of the general constitutionally based authority of a circuit judge to act in a case that is in his or her court, the judge has the authority to enter an order in the case setting aside the award. (Nothing in the terms of § 6-6-15 expressly purports to deny the judge this authority.)[3]
Furthermore, the plain language of § 6-6-15 provides that "[i]n the event the award shall be set aside, such action shall be a final judgment from which an appeal shall lie as in other cases." This final sentence expressly refers to "the award" as that which is to be set aside and expressly states that it is the "action" of "set[ting] aside" the award that constitutes a "final judgment from which an appeal shall lie."
NOTES
[1] Rule 3 of the AAA's Supplementary Rules for Class Arbitrations provides, in pertinent part, that "[u]pon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the `Clause Construction Award')."
[2] On December 10, 2008, this Court adopted Rule 71B, Ala. R. Civ. P., which sets out the procedure for taking an appeal from an arbitration award and supersedes the procedure set out in § 6-6-15. This Court also adopted Rule 71C, Ala. R. Civ P., which governs the enforcement of arbitration awards. Rule 71B and Rule 71C became effective February 1, 2009.
[3] Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197 (Ala.2009), is distinguishable. Given the facts of that case, the result therein is consistent with the notion that, if the clerk had performed the ministerial function of entering an award, a preliminary "court judgment" would have been created, which, if not addressed by the trial judge, would automatically have "ripened" after 10 days into a final, appealable judgment. In Championcomm.net, however, neither the clerk nor the judge took any action to enter a judgment upon the arbitration award, and, therefore, no court order or judgment from which an appeal could be taken ever came into existence. The case did not involve a situation where the trial judge, without waiting on the clerk to act, proceeded to enter a judgment affirming the arbitration award or, as here, setting it aside.

Nor do I read Jenks v. Harris, 990 So.2d 878 (Ala.2008), a recent decision in which I did not participate because it was decided by the division of this Court on which I do not sit, as binding authority on the issue I address here. The issue was not presented in Jenks itself, although a contrary view on this issue was expressed in an earlier, unpublished order (dismissing a previous appeal in the same dispute) that was quoted with approval in Jenks. 990 So.2d at 881-82.