MURDOCK, Justice
(dissenting).
Because I read § 6-6-15, AJa.Code 1975, as providing to a party aggrieved by a circuit judge’s “setting aside” of an arbitration award the right to appeal from that action by the judge regardless of whether the circuit clerk had previously performed the ministerial duty of making a formal entry of the award (which, even if performed, would only have had the effect of converting the award into a preliminary, nonappealable judgment), I respectfully dissent.
Section § 6-6-15 provides for the return of an arbitration award and associated papers to the circuit court (“to the court to which the award is returnable”). Upon that return, the court has jurisdiction over the case. (I am not aware of any situation in which a court’s jurisdiction over a case depends on a preliminary judgment first having been entered by that court in the case, rather than whether the appropriate papers and filing fee have been delivered to the court.) At that juncture, by virtue of the general constitutionally based authority of a circuit judge to act in a case that is in his or her court, the judge has the authority to enter an order in the case setting aside the award. (Nothing in the terms of § 6-6-15 expressly purports to deny the judge this authority.)[3]
Furthermore, the plain language of § 6-6-15 provides that “[i]n the event the award shall be set aside, such action shall be a final judgment from which an appeal shall lie as in other cases.” This final sentence expressly refers to “the award” as that which is to be set aside and expressly states that it is the “action” of “set[ting] aside” the award that constitutes a “final judgment from which an appeal shall lie.”

. Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197 (Ala.2009), is distinguishable. Given the facts of that case, the result therein is consistent with the notion that, if the clerk had performed the ministerial function of entering an award, a preliminary "court judgment" would have been created, which, if not addressed by the trial judge, would automatically have "ripened" after 10 days into a final, appealable judgment. In Championcomm.net, however, neither the clerk nor the judge took any action to enter a judgment upon the arbitration award, and, therefore, no court order or judgment from which an appeal could be taken ever came into existence. The case did not involve a situation where the trial judge, without waiting on the clerk to act, proceeded to enter a judgment affirming the arbitration award or, as here, setting it aside.
Nor do I read Jenks v. Harris, 990 So.2d 878 (Ala.2008), a recent decision in which I did not participate because it was decided by the division of this Court on which I do not sit, as binding authority on the issue I address here. The issue was not presented in Jenks itself, although a contrary view on this issue was expressed in an earlier, unpublished order (dismissing a previous appeal in the same dispute) that was quoted with approval in Jenks. 990 So.2d at 881-82.