Rel: December 8, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0507

_____

**Gatewood A. Walden**

**v.**

**The Disciplinary Board of the Alabama State Bar**

**Appeal from Montgomery Circuit Court**
**(CV-23-70)**

SELLERS, Justice.

Gatewood A. Walden, proceeding pro se, appeals from a judgment of the Montgomery Circuit Court dismissing his action against the

Disciplinary Board of the Alabama State Bar ("the Disciplinary Board").

We affirm.

## I. Facts and Procedural History

Walden was admitted to the Alabama State Bar in 1966. In June 2012, the Disciplinary Board found Walden guilty of charges brought against him and issued an order disbarring him from the practice of law in this State. This Court affirmed the order entered by the Disciplinary Board, without an opinion. See Walden v. Alabama State Bar Ass'n, (No. 1111313, Dec. 14, 2012) 156 So. 3d 999 (Ala. 2012) (table). This Court subsequently overruled Walden's application for a rehearing, and the certificate of judgment issued on February 22, 2013. See Walden v. Alabama State Bar Ass'n, (No. 1111313, Feb. 22, 2013) 162 So. 3d 948 (Ala. 2013) (table). After his disbarment, Walden initiated proceedings in both state and federal courts challenging the Disciplinary Board's findings related to his disbarment.[1] Most recently, Walden commenced

---

[1] See, e.g.: this Court's order of dismissal in Ex parte Walden (No. 1120906, June 5, 2013) (dismissing petition to "withdraw the decision affirming the order of disbarment of Gatewood A. Walden"); this Court's order of dismissal in Ex parte Walden (No. 1130394, May 29, 2014) (dismissing both petition for a writ of mandamus directed to the Alabama State Bar Association and petition for reinstatement); the Montgomery Circuit Court's order of dismissal in Walden v. Alabama State Bar Ass'n

an action in the Montgomery Circuit Court requesting that the circuit court issue a writ of mandamus directing the Disciplinary Board to vacate its disbarment order on the basis that the order was void. Walden also claimed that, because the disbarment order was void, this Court's decision affirming that order was also void. The Disciplinary Board filed a motion to dismiss Walden's action, arguing, in relevant part, that the circuit court lacked subject-matter jurisdiction over the matter. The circuit court entered a judgment, dismissing the action. Walden filed a

et al. (No. CV-18-9000378, Sept. 17, 2018) (dismissing an action against the Alabama State Bar Association and certain Bar officials for lack of jurisdiction), aff'd, Walden v. Alabama State Bar Ass'n, 320 So. 3d 545 (Ala. 2020); the Montgomery Circuit Court's order of dismissal in Walden v. Alabama State Bar Ass'n et al. (No. CV-21-900727, Aug. 4, 2021) (dismissing action against the Alabama State Bar Association and other defendant for lack of jurisdiction and further ordering that Walden was "barred from filing any future pleading, petition or complaint premised on his disbarment"); the Lowndes Circuit Court's order of dismissal in Walden v. Disciplinary Bd. of Alabama State Bar (No. CV-22-000007, Sept. 7, 2022) (dismissing petition for writ of mandamus directed to the Disciplinary Board); and the Montgomery Circuit Court's order of dismissal in Walden v. Disciplinary Bd. of Alabama State Bar (No. CV-23-000070, May 8, 2023) (dismissing action against the Disciplinary Board). Walden also filed a "Petition for Reinstatement" in the United States District Court for the Middle District of Alabama. That proceeding culminated in Walden's disbarment from the practice of law in that court. See In re Walden, 709 F. App'x 644 (11th Cir. 2017).

motion to alter, amend, or vacate the judgment, which was denied. This appeal followed.

## II.  Standard of Review

This Court reviews de novo the issue whether the circuit court lacked jurisdiction in this case. State Dep't of Revenue v. Arnold, 909 So. 2d 192 (Ala. 2005).

## III.  Discussion

## A.  Merits

Walden argues, without citation to any legal authority, that the circuit court erred in dismissing his action against the Disciplinary Board because, he says, "[u]nder Alabama law, the Montgomery Circuit Court has supervisory jurisdiction over the Disciplinary Board of the State Bar."  Walden's brief at 10 (emphasis in original). However, Walden entirely ignores this Court's holding in Walden v. Alabama State Bar Ass'n, 320 So. 3d 545 (Ala. 2020).  In that case, Walden challenged a judgment of the Montgomery Circuit Court dismissing his action against, among others, the Disciplinary Board.  In his complaint, Walden had requested, in relevant part, that the circuit court enter a judgment (1) declaring that the revocation of his law license was void and (2)  directing

4

the Alabama State Bar reinstate him as a member of the Bar in good standing. The circuit court entered a judgment dismissing the action, explaining that the court did not " 'have the jurisdiction to review nor the ability to grant the relief [Walden] is requesting.' " 320 So. 3d at 548. In affirming that judgment, this Court made it abundantly clear that the circuit courts of this State have no jurisdiction over orders entered in Bar disciplinary proceedings:

> "The trial court correctly concluded that it did not have the power to grant Walden the relief he seeks. As detailed above, while Walden's disciplinary proceeding was pending in 2011, he initiated an action in the Montgomery Circuit Court asking the court to insert itself into the disciplinary proceeding and to dissolve his interim suspension. The trial court declined to do so and dismissed his action, explaining to Walden in a reasoned order that matters involving the discipline of members of the State Bar were within the exclusive jurisdiction of the State Bar 'with review by the Supreme Court of Alabama.' Rule 1(a)(1), Ala. R. Disc. P. This governing principle has not changed since then; to the contrary, it has only been reinforced. See, e.g., Nichols v. Alabama State Bar, 815 F.3d 726, 732 (11th Cir. 2016) (recognizing that 'Alabama law delegates to the State Bar, with supervision by the Supreme Court of Alabama, the power to investigate and discipline attorney misconduct').

> "Simply put, circuit courts in this State have no authority to reverse a judgment made by the State Bar in a disciplinary proceeding, to admit an attorney to the State Bar, or to direct the State Bar to reinstate an attorney who has previously been disbarred. A party like Walden who is aggrieved by an adverse decision of the State Bar has the

5

right under Rule 12(f), Ala. R. Disc. P., to seek appellate review of that decision -- from this Court -- not from a circuit court. Walden, in fact, availed himself of Rule 12(f) when he appealed his order of disbarment to this Court, which affirmed the State Bar's decision. <u>The trial court has no jurisdiction to review that order of disbarment again</u>, and it therefore properly dismissed Walden's complaint to the extent that complaint sought declaratory and injunctive relief regarding the status of his membership in the State Bar."

<u>Id.</u> at 548.  (some emphasis added).

Our holding in <u>Walden</u>, 320 So. 3d 545, was, and is, distinct, precise, and unambiguous, providing no possibility that a circuit court could ever have jurisdiction to entertain an action seeking a writ of mandamus directing the Disciplinary Board to vacate an order disbarring an attorney from the practice of law.  Accordingly, the circuit court in this case did not err in dismissing Walden's action.  "'Lacking subject-matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action. ... Any other action ... is null and void.'" <u>State v. Property at 2018 Rainbow Drive</u>, 740 So. 2d 1025, 1029 (Ala. 1999) (quoting <u>Beach v. Director of Revenue</u>, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996)).

### B.  Sanctions

6

Despite the finality of the order disbarring Walden from the practice of law, this Court's holding in <u>Walden</u>, 320 So. 3d 545, and the holding of this opinion, this Court has little doubt that Walden will continue to file unwarranted challenges to his disbarment, thus abusing this Court's limited resources.[2] We therefore conclude that a sanction is merited. This Court has the inherent power to protect against repetitious and frivolous filings that result in an abuse of the judicial process. As the United States Supreme Court has noted, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." <u>In re McDonald</u>, 489 U.S. 180, 184 (1989). See also <u>Peterson v. State</u>, 817 So. 2d 838, 840 (Fla. 2002) ("This Court has a responsibility to ensure every citizen's right of access to the courts. … A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of

---

[2]At this juncture, Walden's sole recourse is to seek reinstatement pursuant to Rule 28 of the Alabama Rules of Disciplinary Procedure.

7

legitimate claims filed by others."). In order to promote the interests of justice, Walden is precluded from proceeding pro se in this Court in any matters relating to his disbarment; any future filings in this Court challenging Walden's disbarment must be signed by a member in good standing of the Alabama State Bar. Under the sanction imposed, Walden is not being completely denied access to this Court. Rather, he may have access to the Court through the assistance of counsel, if such counsel determines that a proceeding relating to Walden's disbarment may have merit and can be pursued in good faith.

## IV. Conclusion

We affirm the judgment of the circuit court dismissing Walden's action for lack of subject-matter jurisdiction. The Clerk of this Court is hereby instructed to reject future filings that in any way relate to Walden's disbarment, unless signed by a member in good standing of the Alabama State Bar.

AFFIRMED.

Parker, C.J., and Wise, Stewart, and Cook, JJ., concur.