STUART, Justice.
 

 David Dawsey sued Raymond James Financial Services, Inc., Raymond James and Associates, Inc., AIG SunAmerica Life Assurance Company, Ann Holman, Maxine Chappell, and Chappell & Holman Financial Advisors, Inc. (hereinafter collectively referred to as “the defendants”), in the Houston Circuit Court, alleging misrepresentation in the sale of a financial product. Pursuant to an arbitration agreement
 
 *640
 
 Dawsey had signed, the trial court sent the case to arbitration; the three-member panel hearing the case ultimately rendered an award in favor of the defendants. Daw-sey then filed both a notice of appeal to this Court and a motion in the Houston Circuit Court seeking to vacate that award. The defendants also filed a motion in the Houston Circuit Court seeking to confirm the award. However, neither the trial court nor the circuit clerk entered a judgment on the arbitration award, and the trial court did not rule on Dawsey’s motion within the 10-day period prescribed by § 6-6-15, Ala.Code 1975.
 
 [1]
 
 Thus, Dawsey’s motion was deemed denied; the trial court lost jurisdiction of the case at the conclusion of that period; and Dawsey’s time for filing an appeal commenced. For the reasons that follow, we now dismiss Dawsey’s appeal.
 

 The only issue before this Court is whether the failure of the circuit clerk to enter a conditional judgment on the arbitration award, after Dawsey filed a motion to vacate that award, requires us to dismiss the case so that the circuit clerk may enter such a judgment.
 
 [2]
 
 Dawsey argues that the case must be sent back to the trial court and that, once the circuit clerk enters a conditional judgment, the procedure outlined by this Court in
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 466 (Ala.2008), should be followed, that is, Dawsey should have 30 days in which to file a motion to vacate, after which the trial court would have 90 days, or a longer period of time if agreed to by all the parties, to consider that motion before it is denied by operation of law. In essence, Dawsey argues that the entry of a conditional judgment on the arbitration award by the circuit clerk is
 
 required
 
 and that subsequent judicial review of that award cannot proceed in the absence of such a judgment. See § 6-6-15, Ala.Code 1975 (“[T]he clerk or register shall enter the [arbitration] award as the judgement of the court.”);
 
 Horton Homes; Jenks v. Harris,
 
 990 So.2d 878, 882 (Ala.2008) (stating that appellants’ previous appeal was dismissed “ ‘because the circuit clerk had not entered the arbitration award as the judgment of the court ....’” (quoting order dismissing earlier appeals)); and
 
 Credigy Receivable, Inc. v. Day,
 
 3 So.3d 206, 210 (Ala.Civ.App.2008) (“Accordingly, the trial court erred in not entering the arbitration award as its judgment pursuant to § 6 — 6—2[, Ala.Code 1975]. We reverse the trial court’s order dismissing the action and remand the action so that the trial court, or its clerk, ... may enter the arbitration award as the judgment of the trial court pursuant to § 6-6-2.”).
 

 The defendants, however, argue that the purpose of a conditional judgment is to give the trial court jurisdiction over the
 
 *641
 
 case and that the circuit clerk’s failure to enter a conditional judgment in the present case is meaningless because, they argue, the trial court already had jurisdiction on two other bases.
 
 [3]
 
 First, they argue that the Houston Circuit Court already had jurisdiction over this action because the action was originally filed in that court and the court merely stayed the action so that the arbitration proceedings could be conducted. However, the defendants overlook the fact that the same circumstances existed in
 
 Jenks.
 
 In that case, the appellants initially filed their action in the Madison Circuit Court, but that court subsequently stayed the case and compelled arbitration pursuant to the agreement between the parties. After the arbitrator rendered an award in favor the appellants, two of the appellees successfully moved the trial court to vacate the arbitration award. The appellants then appealed to this Court, and we dismissed their appeals, stating:
 

 “ ‘On July 8, 2004, the trial court issued an order purporting to set aside the arbitration award. However, under § 6-6-15, Ala.Code 1975, before the trial court could review the award, the circuit court clerk was required to “enter the award as the judgement of the court.” Our review of the record reveals that the circuit court clerk did not enter the arbitration award as the trial court’s preliminary judgment.
 

 “ ‘We recognize that the procedure for obtaining jurisdiction to review an arbitration award under § 6-6-15, Ala.Code 1975, is far from clear. Thus, in the absence of a clear procedure for treating challenges to an arbitration award brought under § 6-6-15, Ala.Code 1975, and in light of the confusing nature of the statutory language, we deem it appropriate to issue an interim curative order in this case.
 

 “ ‘In the present posture of their appeals, [the appellants] ask this Court to review the trial court’s July 8, 2004, order setting aside the arbitration award. However, because the circuit clerk had not entered the arbitration award as the judgment of the court, the trial court’s order vacating that arbitration award is void. “[W]here a judgment appealed from is void for want of jurisdiction, we have no alternative but to dismiss the appeal.”
 
 City of Huntsville v. Miller,
 
 271 Ala. 687, 689, 127 So.2d 606, 608 (1961).
 

 “TT IS THEREFORE ORDERED THAT, upon receipt of this order, the trial court shall instruct the Circuit Court Clerk of Madison County to enter the arbitration award as the judgment of the court.’ ”
 

 Jenks,
 
 990 So.2d at 882 (footnotes omitted) (quoting order of this Court dismissing appellants’ earlier appeals). Thus, notwithstanding the fact that the trial court had jurisdiction over the case when it stayed the case pending arbitration, we held that the same trial court lacked jurisdiction to subsequently rule on a motion to vacate the resulting arbitration award
 
 un
 
 
 *642
 

 til
 
 the circuit clerk entered the arbitration award as the judgment of the court. The facts in the instant appeal are identical, and we accordingly reach the same conclusion in this case — the circuit clerk is
 
 required
 
 to enter the arbitration award as the judgment of the court.
 

 The defendants have also argued that, because Dawsey’s motion to vacate states that it was made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), as well as the Alabama Arbitration Act, § 6-6-1 et seq., Ala.Code 1975, jurisdiction was conferred upon the trial court by § 9 of the FAA, which states:
 

 “If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.”
 

 However, an examination of § 9 reveals that it is inapplicable here. First, we note that the arbitration agreement entered into by Dawsey does not specify the court that may enter judgment on an arbitration award, stating only that “[a] court of competent jurisdiction may enter judgment based on the award rendered by the arbitrators.” Therefore, the defendants’ argument necessarily relies upon the second sentence of § 9, which provides:
 

 “If no court is specified in the agreement of the parties, then such application [for an order confirming the award] may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.”
 

 However, in the instant case, the defendants did not seek to confirm the arbitration award, nor did Dawsey seek to vacate that award, in “the United States court in and for the district within which such award was made.” Rather, Dawsey and the defendants filed their respective motions in the state courts of Alabama. Accordingly, § 9 cannot serve as the basis for vesting the trial court with jurisdiction in this case. See
 
 Volt Info. Sciences, Inc. v. Board of Trs. of Leland Stanford Junior Univ.,
 
 489 U.S. 468, 477 n. 6, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (stating that the Supreme Court of the United States has not held that provisions of the FAA “which by their terms appear to apply only to proceedings in federal court” are applicable in state courts).
 

 Because a conditional judgment was never entered on the arbitration award by the circuit clerk, we have no alternative but to dismiss the appeal.
 
 Jenks,
 
 990 So.2d at 882 (order dismissing earlier appeals). However, as we did in the order dismissing the earlier appeals in
 
 Jenks,
 
 we hereby direct the appropriate circuit clerk, in this case the circuit clerk of Houston County, to enter the arbitration award as the judgment of the court. Following the entry of that conditional judgment, Dawsey, should he still seek
 
 *643
 
 judicial review of the arbitration award that was entered against him, should follow the procedures set forth in Rule 71B, Ala. R. Civ. P., which became effective on February 1, 2009.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
 

 MURDOCK, J., concurs in the result.
 

 [1]
 

 . In
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 468 (Ala.2008), decided approximately three months after Dawsey filed his motion to vacate, this Court discussed the procedure for seeking judicial review of an arbitration award and applied Rule 59.1, Ala. R. Civ. P., to hold that a trial court has
 
 90 days
 
 to consider a motion to vacate an arbitration award, not 10 days as stated in § 6-6-15. It is undisputed in the present case, however, that the trial court did not rule on Dawsey's motion to vacate within 90 days and (hus clearly not within 10 days.
 

 [2]
 

 . In their briefs to this Court, the defendants also argue the merits of whether the arbitration award should be vacated. However, Dawsey does not address that issue in his brief; instead, he argues only that this case should be returned to the trial court for that court to enter a conditional judgment on the award. Therefore, a conclusion that it was not necessary for the circuit clerk to enter a conditional judgment would effectively terminate this appeal because Dawsey's election not to argue the merits of whether the arbitration award should be vacated amounts to a waiver of that argument.
 

 [3]
 

 . Two of the defendants, Ann Holman and Chappell & Holman Financial Advisors, Inc., have filed a separate brief on appeal asserting that the circuit clerk, on February 29, 2008, did in fact enter a conditional judgment on the arbitration award. In support of their argument, they cite page 2 of the record, the standard "letter of transmittal of notice of appeal to appellate clerk by trial clerk." On that form, the circuit clerk has entered Febru
 
 ary
 
 29, 2008, as the date of judgment; however, Dawsey notes that that date is merely the date the arbitration award was delivered to the court and that there is no evidence indicating that a conditional judgment was actually entered on that date. We agree that this is insufficient evidence from which to conclude that a conditional judgment was ever entered.