SMITH, Justice.
Jason Parham appeals from a February 6, 2008, order purporting to vacate an arbitration award in Parham’s favor. We dismiss the appeal for lack of subject-matter jurisdiction.

Facts and Procedural History

On January 11, 2007, Jason Parham, individually and as representative of a class, filed a complaint in arbitration with the American Arbitration Association (“the AAA”). Parham’s complaint contained numerous statutory, contract, and tort claims. Parham alleged that American Bankers Insurance Company of Florida (“American Bankers”) had charged Par-ham and other purchasers of an extended warranty, which was designated as the “Home Buyers Protection Plan,” premiums for services the purchasers did not receive. Specifically, Parham alleged that, in August 2003, he purchased from American Bankers an extended warranty for his newly purchased manufactured home; that, under the terms of the extended warranty, coverage would become effective upon expiration of the manufacturer’s one-year warranty and remain effective for 60 months; that the extended warranty actu *1103 ally became effective on the same date as the manufacturer’s warranty; and, as a result, that he had received coverage for only 48 months of the 60-month extended warranty period because the manufacturer’s warranty superseded the extended warranty during the 12-month period that both warranties were in place concurrently. Parham further alleged that “[t]hrough this scheme [American Bankers] has received unearned premiums from [Parham] and others similarly situated.”
On July 30, 2007, in accordance with Rule 3 of the AAA’s Supplementary Rules for Class Arbitrations, the arbitrator issued an order referred to as a “clause construction award.”[1] In that order, the arbitrator concluded that the language of the arbitration clause in the extended warranty permitted Parham to pursue class claims against American Bankers in arbitration and awarded Parham permission to pursue class claims in arbitration accordingly. On August 7, 2007, American Bankers filed in the trial court both a complaint seeking a judgment declaring the arbitrator’s order void and directing the trial court to order the arbitrator to enter an order precluding arbitration of class claims and a motion to vacate the arbitrator’s July 30, 2007, order; in each of those filings, American Bankers contended that the order was due to be vacated because, according to American Bankers, “the Arbitrator exceeded his authority, ignored applicable Alabama law, and improperly reformed the contract at issue.” On September 24, 2007, Parham filed a motion to compel arbitration of the class claims or, in the alternative, to dismiss American Bankers’ complaint for declaratory relief.
On February 6, 2008, the trial court entered an order purporting to grant American Bankers’ motion to vacate and “directing] the Arbitrator to enter a new Clause Construction Award consistent with Alabama substantive law.” This appeal followed.

Discussion

On appeal, Parham argues, among other things, that the trial court’s order vacating the arbitrator’s order is void because, Parham contends, the trial court lacked subject-matter jurisdiction to review that award. Our review of the argument that the trial court lacks subject-matter jurisdiction is de novo. State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005).
In Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197 (Ala.2009), this Court stated:
“With some exceptions not applicable here,4 this Court is without jurisdiction to hear an appeal in the absence of a final judgment. See Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006) (quoting Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)). We therefore must consider whether a final judgment exists from which this appeal may lie.
“In Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), this Court made clear that a judgment entered by the circuit clerk on an arbitration award pursuant to § 6-6-15, Ala.Code 1975, ‘does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to *1104 vacate filed by a party seeking review of the arbitration award.’ 999 So.2d at 467. Furthermore, as this Court observed in Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008), the trial court’s order on such a motion is void unless the circuit clerk has first entered the arbitration award as the judgment of the court.
“It follows from these cases, and, more importantly, from the plain language of § 6-6-15, Ala.Code 1975, which governs the procedure for effecting an appeal in this case,[2] that an arbitration award does not constitute a final judgment subject to review in our appellate courts merely upon the filing of the award, along with a notice of appeal, in the appropriate circuit court. See § 6-6-15, Ala.Code 1975 (‘[T]he clerk or register shall enter the [arbitration] award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award ... the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases.’ (emphasis added)); cf. Birmingham News Co. v. Horn, 901 So.2d 27, 31 (Ala.2004) (‘On January 13, 2003, the circuit clerk entered the arbitrators’ awards as the judgments of the court. The trial court did nothing further, so that on January 23, 2003, pursuant to Ala.Code 1975, § 6-6-15, the judgments became final.’ (footnote omitted)), overruled on other grounds, Hereford v. D.R. Horton, Inc., 13 So.3d 375, 381 (Ala.2009), and Horton Homes, supra; Collins v. Louisville & Nashville R.R., 70 Ala. 533, 533-34 (1881) (‘In the absence of a statute authorizing it, an appeal, writ of error, or other revisory remedy, will not lie to any court from the award of arbitrators.... The statute (Code of 1876, § 3547) authorizes the courts of primary jurisdiction to enter ... the award of arbitrators, as the judgment or decree of the court ...; and, employing the language of the statute, “from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal shall lie, as in other cases.” ... The statute gives an appeal from that judgment, and not from the award.’).
“4 See Rules 4(a) and 5, Ala. R.App. P.; see also Rule 54(b), Ala. R. Civ. P. (permitting the trial court to ‘direct the entry of final judgment as to one or more but fewer than all the claims or parties’ in an action under certain circumstances).”
12 So.3d at 1199-1200 (footnote omitted).
We find no indication in the record that the clerk of the Shelby Circuit Court entered the arbitrator’s order as the judgment of that court as required under § 6-6-15, Ala.Code 1975; thus, there is no final judgment from which Parham can appeal. Accordingly, the trial court’s February 6, 2008, order is void and is hereby vacated, and this appeal is dismissed. See Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998) (“A judgment of a court without jurisdiction is void. An appeal will not lie from a void judgment.” (citing, among other cases, Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala.1991))).
JUDGMENT VACATED; APPEAL DISMISSED.
*1105 COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., dissents.

. Rule 3 of the AAA's Supplementary Rules for Class Arbitrations provides, in pertinent part, that ‘‘[u]pon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the ‘Clause Construction Award').”

. On December 10, 2008, this Court adopted Rule 71B, Ala. R. Civ. P., which sets out the procedure for talcing an appeal from an arbitration award and supersedes the procedure set out in § 6-6-15. This Court also adopted Rule 71C, Ala. R. Civ. P., which governs the enforcement of arbitration awards. Rule 71B and Rule 71C became effective February 1, 2009.