BOLIN, Justice.
 

 J.L. Loper Construction Company, Inc., and Michael Chad Loper (hereinafter referred to collectively as “Loper”) appeal from the trial court’s order dismissing Loper’s declaratory-judgment action and ordering Loper to submit to arbitration. Findout Partnership, LLP (“Findout”), cross-appeals from the trial court’s order setting aside an arbitration award in favor of Findout and remanding the arbitration proceeding to the arbitrator for the taking of additional testimony so that Loper could be heard.
 

 On September 23, 2005, the parties entered into a construction contract pursuant to which Loper was to construct for Find-out a house on Ono Island in Baldwin County. The estimated total cost of the construction contract was $1,637,102.20, with $200,000 of the estimated contract price representing the contractor’s fee to be paid to Loper. The construction contract provided, among other things, that the house would be completed within 18 months from the issuance of the building permit and provided for a penalty of 1% of the “builder’s profit” per month for every month the project was delinquent. Article 9 of the construction contract contained the following arbitration agreement:
 

 “Any controversy or claim arising out of or related to [this] contract, or breach thereof, will be settled by binding arbitration in accordance with the Alabama Arbitration Act, Sections 6-6-1 through 6-6-16 of the Alabama Code.”
 
 [1]
 

 On August 29, 2006, the parties executed an addendum to the construction contract, which changed the roof material and the exterior finish, adding an estimated cost to the construction contract of $92,000. On April 11, 2007, the parties executed an additional addendum to the construction contract adding a number of change or
 
 *1154
 
 ders, the additional cost of which was estimated to be $268,855.24.
 

 On August 10, 2007, the parties executed an amendment to the construction contract whereby Loper agreed to complete work on a “punch list” by September 30, 2007. The parties further agreed to set the sum of $1,000 per day as the amount of liquidated damages to be deducted from the contractor’s fee for each day after September 30, 2007, that the punch-list work was not completed. The amended contract also provided that Findout was to pay Loper $275,000, which the parties acknowledged was the final sum owed Loper for the construction of the house. The other provisions contained in the original construction contract were not amended and remained in force.
 

 On October 22, 2007, the parties executed a second amendment to the construction contract that provided, in part, as follows:
 

 “1. Attached to this Second Amendment and marked as Exhibit ‘A’ is a copy of the punch list items which are not completed in accordance with the provisions of the Contract and Amendment to Contract. [Findout] and [Lop-er] agree that [Loper] is released from the obligation to complete said punch list items on Exhibit ‘A’ in consideration for the payment by [Findout] to [Loper] of the sum of Seven Thousand Eight Hundred Dollars ($7,800.00) and [Findout] is released from the obligation to pay the sum of Nineteen Thousand Seven Hundred Dollars ($19,700.00) to [Loper].
 

 “2. [Findout] and [Loper] acknowledge that all sums due to [Loper] under the Construction Contract, as amended by the Amendment to Construction Contract and this Second Amendment, have been paid in full. [Loper] waives and releases any lien or right to lien on or against the Real Property on account of the work or labor furnished by [Loper] and warrants and represents that any and all parties who had supplied work, labor and material to the Real Property have been paid in full.
 

 [[Image here]]
 

 “5. In all other respects, except as provided for in this Second Amendment, the terms, conditions, and provisions of the Constraction Contract and the Amendment to Construction Contract shall remain unchanged and in full force and effect. All understandings and agreements made between the parties are merged into the Construction Contract, as amended by the Amendment to Construction Contract and this Second Amendment which together express the entire agreement of the parties. No representations, oral or written, not contained in the Construction Contract, as amended by the Amendment to Construction Contract and this Second Amendment, shall be considered a part of the agreement of the parties.”
 

 In July 2008, counsel for Findout wrote a letter to Loper’s counsel for the purpose of opening up settlement negotiations regarding certain defaults Findout alleged Loper had made under the construction contract. On August 29, 2008, Findout’s counsel notified Loper’s counsel that it was demanding arbitration under Article 9 of the construction contract and asserted as grounds for the arbitration poor workmanship, incomplete work, improperly performed work, work that was not performed pursuant to code, work that was not performed pursuant to industry standards, and inaccurate and fraudulent billings.
 

 On September 8, 2008, Loper’s counsel responded by letter to Findout’s demand for arbitration, stating that Loper would not agree to arbitration “as [Loper had] zero liability” and had “a signed full release” relating to the construction project.
 

 
 *1155
 
 On September 10, 2008, Findout responded to Loper’s September 8 letter reminding Loper that the parties had contracted to arbitrate any disputes and again requesting that Loper submit to arbitration. Findout also informed Loper that the defense of release would be an appropriate defense to raise during the arbitration proceeding.
 

 On September 17, 2008, Loper responded to Findout’s letter of September 10 stating that it would not agree to arbitration because this “case is long over.” Lop-er enclosed a copy of a mutual release and settlement agreement that purports to release both parties from any additional liability relating to the construction of the house in question. The mutual release and settlement agreement states that both Loper and Findout release and discharge each other from any and all claims relating to the construction of the house. The mutual release and settlement agreement Loper enclosed was not signed by either party. Findout responded that same day to Loper’s letter advising Loper that it would proceed with arbitration and again requested Loper’s participation in the arbitration process. Findout also noted in its letter to Loper that the copy of the mutual release and settlement agreement provided to it was not signed. Findout requested that it be provided a signed copy of the mutual release and settlement agreement.
 

 Findout thereafter selected an arbitrator. On October 10, 2008, Findout contacted the arbitrator by letter to set the date for a scheduling conference. Findout also informed the arbitrator that as a result of Loper’s refusal to participate in the arbitration process, it could not provide the arbitrator with a joint statement from the parties. However, Findout did provide the arbitrator with a copy of its August 29, 2008, letter to Loper’s counsel, which set forth Findout’s claims against Loper. Findout forwarded a copy of this letter and its enclosures to Loper and requested that Loper contact Findout if it had decided to participate in the arbitration process.
 

 On October 14, 2008, Findout notified Loper that a scheduling conference in the arbitration proceeding had been set for October 22, 2008. On October 15, 2008, Loper petitioned the Baldwin Circuit Court for a judgment declaring whether Loper could be compelled to arbitrate claims arising out of the construction of the house on Ono Island despite the existence of the mutual release and settlement agreement. Loper referenced the mutual release and settlement agreement in its complaint and attached to its petition a copy of the unsigned mutual release and settlement agreement. Contemporaneously with the petition for a declaratory judgment Loper filed a motion seeking to enjoin Findout from arbitrating any claims until the trial court entered a judgment in the declaratory-judgment action. On October 16, 2008, Loper informed Findout and the arbitrator that it had filed the declaratory-judgment action and motion for injunctive relief.
 

 On October 21, 2008, Findout notified the arbitrator and Loper by letter that it intended to proceed with the scheduling conference because the trial court had not entered an injunction in favor of Loper. Findout again informed Loper that if it wanted to participate in the scheduling conference it should notify Findout. Find-out also stated in the letter that “[it] can only hope that [counsel for Loper] will participate, regardless of what his client wants, so that the interest of his client will be protected.” In response, Loper petitioned the trial court requesting that it immediately enter an order enjoining Findout from proceeding with arbitration until its petition for a declaratory judgment had been heard by the trial court.
 
 *1156
 
 On October 30, 2008, the arbitrator contacted Loper noting that the mutual release and settlement agreement Loper was relying on was unsigned and that no injunction had been issued by the trial court. The arbitrator informed Loper that arbitration would proceed and requested that Loper notify him if it wished to participate. Loper failed to respond to the arbitrator’s October 80 letter. On November 13, 2008, the arbitrator sent an e-mail to Loper requesting a response to his October 30 letter. On November 14, 2008, Loper responded to the arbitrator’s e-mail request, stating that Loper “has zero intention to participate in, or be bound by, any arbitration in this dispute.”
 

 On November 19, 2008, the arbitrator notified Loper by letter of the date, time, and place of the arbitration proceeding and informed Loper that the arbitration proceeding would proceed “with or without you.” On November 24, 2008, Findout moved the trial court pursuant to Rule 12(b), Ala. R. Civ. P., to dismiss Loper’s petition for a declaratory judgment and its motion for immediate injunctive relief. Findout alleged, among other grounds, that the trial court lacked subject-matter jurisdiction (Rule 12(b)(1)) and that Loper, relying on an unexecuted mutual release and settlement agreement, had failed to state a claim upon which relief could be granted (Rule 12(b)(6)).
 

 The arbitration hearing was conducted by the arbitrator on November 25, 2008. Loper did not participate. On January 13, 2009, Findout filed a supplement to its motion to dismiss Loper’s petition for a declaratory judgment in which it informed the trial court that the arbitration hearing had occurred on November 25, 2008. On January 29, 2009, the trial court entered an order denying Findout’s motion to dismiss the petition for a declaratory judgment. However, in its order denying the motion to dismiss the trial court directed the parties to contact the arbitrator to determine if he would reopen the arbitration proceeding to give Loper an opportunity to be heard.
 

 The arbitrator entered his arbitration award on May 7, 2009, awarding Findout $348,229.31. The arbitrator also certified in his award that neither Findout nor Lop-er had contacted him after January 29, 2009, requesting that the arbitration be reopened in order to provide Loper an opportunity to be heard.
 

 On May 12, 2009, Loper moved the trial court to set aside the arbitration award, which, Loper alleged, was void. On May 13, 2009, Findout filed its notice of arbitration award in the trial court and moved the trial court for an order confirming the award. On that same date, Loper moved the trial court for an immediate order enjoining Findout from attempting to collect the arbitration award. On June 10, 2009, the trial court entered the following order:
 

 “This matter is before this Court on an original complaint filed by [Loper seeking] a Declaratory Judgment and Injunction, prohibiting [Findout] from pursuing this matter through Arbitration. Additional motions and an arbitration award have been filed in this matter as well. The Court will attempt to address all the issues with this order.
 

 “Subsequent to filing the complaint but without receiving any ruling by the Court, [Findout] proceeded with the arbitration hearing. [Loper] did not participate, believing that participation would obviate the complaint. The arbitrator entered an award in favor of [Findout]. [Findout] then filed the award with the clerk (the clerk has never reduced the award to a judgment as required by [Ala. R. Civ. P.] 71 [C]) and [Loper] filed a Motion to Set Aside and
 
 *1157
 
 a Motion to Enjoin [Findout] from collecting on the arbitration award. Those motions shall be treated as being filed under [Ala. R. Civ. P.] 59.
 

 “Based on this information the Court Orders:
 

 “1. Pursuant to Alabama Rule of Civil Procedure 71B(f), the Court Orders the Clerk of the Circuit Court to immediately enter the ‘Arbitration Award’ of May 7, 2009, as the Conditional Judgment of the Court, subject to the motions filed by [Loper] to be considered as an appeal of that award. “2. The relief sought in the declaratory judgment is of a nature, i.e., release' of claims, that it should be addressed by the arbitrator. Therefore, the declaratory judgment is DISMISSED and referred to arbitration. “3. Pursuant to [Ala. R. Civ. P.] 59, the arbitration award is SET ASIDE and the arbitration is REMANDED back to the arbitrator for taking of additional testimony to allow [Loper] an opportunity to be heard.
 

 “The Court finds that because there are no specific procedures set out in the [Alabama Rules of Civil Procedure] to address the issue of concurrent jurisdiction between a circuit court action and an arbitration action, it was reasonable for [Loper] to assume that the arbitration would be stayed by the filing of the declaratory action and to go forward and participate in the arbitration could be considered a waiver or abandonment of the action before the court. To allow the arbitration award to stand at this time without the arbitrator having the benefit of hearing from [Loper], would be an injustice of adopting form over substance. It is noted that this Court is in no way taking any position on the merits of either party’s claims. The Court is only attempting to promote a fundamental fairness and justice by allowing both sides an opportunity to be heard on the merits.”
 

 (Capitalization in original.)
 

 On June 30, 2009, Loper moved the trial court for a new trial; to alter, amend, or vacate its judgment pursuant to Rule 59(e), Ala. R. Civ. P.; or to amend its judgment pursuant to Rule 52(b), Ala. R. Civ. P. On July 7, 2009, Findout moved the trial court to alter or amend the judgment pursuant to Rule 59(e). On July 28, 2009, the trial court entered multiple orders denying all postjudgment motions filed by the parties. Loper appeals (appeal no. 1081633); Findout cross-appeals (appeal no. 1081692).
 

 Appeal No. 1081633
 

 Loper appeals from the trial court’s June 10, 2009, order dismissing its petition for a declaratory judgment. Although the trial court originally denied Findout’s motion to dismiss the declaratory-judgment action, it ultimately dismissed the action, we assume, on the grounds raised in Findout’s motion. The standard of review of an order-dismissing an action on the basis that the plaintiff has failed to state a claim upon which relief could be granted has been stated as follows:
 

 “ ‘On appeal, a dismissal is not entitled to a presumption of correctness.... The appropriate standard of review ... is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.... In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [the plaintiff] may possibly prevail.... We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of
 
 *1158
 
 the claim that would entitle the plaintiff to relief.’ ”
 

 Carr v. International Refining & Mfg. Co.,
 
 13 So.3d 947, 952 (Ala.2009) (quoting
 
 Nanee v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993)).
 
 [2]
 
 “ ‘ “[M]otions to dismiss are rarely appropriate in declaratory judgment proceedings. Such motion does, however, serve one purpose, that of determining whether the [complaint] states the substance of a bonafíde justiciable controversy which should be settled.” ’ ”
 
 Waterworks & Sewer Bd. of Selma v. Allen,
 
 3 So.3d 846, 848-49 (Ala.2008) (quoting
 
 Helms v. Barbour County,
 
 914 So.2d 825, 829 (Ala.2005), quoting in turn
 
 Wallace v. Burleson,
 
 361 So.2d 554, 555 (Ala.1978)).
 

 The parties agreed in Article 9 of the construction contract that “[a]ny controversy or claim arising out of or related to [the] contract, or breach thereof, will be settled by binding arbitration in accordance with the Alabama Arbitration Act.... ” The construction contract was subsequently amended, but no amendment to the construction contract obviated the arbitration agreement. Loper relied on the purported mutual release and settlement agreement as the basis for its refusal to participate in the arbitration process. In its petition for a declaratory judgment, Loper alleged that it could not be compelled to arbitrate any issue relating to the construction of the house on Ono Island because their existed a mutual release and settlement agreement that had been “executed” and that was binding upon both parties.
 

 It is undisputed that the mutual release and settlement agreement contained in the record and relied upon by Loper as the basis for its contention in the petition for a declaratory judgment that it could not be compelled to arbitrate is not properly signed by the parties.
 
 [3]
 
 We note that the document itself, in its preamble, states that “each of the undersigned parties ... hereby agree to release any and all claims.... ” In. order to be binding upon the parties, the mutual release and settlement agreement must be properly executed.
 
 Billy Barnes Enters., Inc. v. Williams,
 
 982 So.2d 494 (Ala.2007).
 

 Loper could not have properly relied upon the mutual release and settlement agreement as the basis for its refusal to participate in the arbitration process because the mutual release and settlement agreement, which had not been properly executed by the parties, was not binding upon the parties. When the allegations contained in Loper’s petition, together with the unexecuted mutual release and settlement agreement referenced in and attached to the petition, are viewed, as they must be, strongly in Loper’s favor, it appears beyond doubt that Loper can prove no set of facts in support of the allegations of its petition that would entitle it to relief.
 
 Carr, supra.
 
 Indeed, Loper’s attachment of the unsigned document to its petition impeaches its own allegation in
 
 *1159
 
 the petition that the document was “executed.” As stated in note 3,
 
 supra,
 
 Loper made no other allegation in its petition concerning any other release and satisfaction allegedly made between the parties. Therefore, we conclude that the trial court did not err in dismissing Loper’s petition for a declaratory judgment,
 
 [4]
 
 and we affirm that portion of the trial court’s judgment dismissing Loper’s declaratory-judgment action.
 

 Appeal No. 1081692
 

 Findout argues that the trial court erred in setting aside the arbitration award in order to give Loper “an opportunity to be heard” in the arbitration proceeding. We agree.
 

 Rule 71B, Ala. R. Civ. P.,
 
 [5]
 
 which was adopted effective February 1, 2009, supersedes § 6-6-15, Ala.Code 1975, and sets forth the procedure for appealing an arbitration award:
 

 “(a) Who may appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.
 

 “(b) When filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.
 

 “(c) Where filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
 

 “(d) What filed. With the notice of appeal, the appellant shall file a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators, along with the submission to the arbitrator or arbitrators and any supporting documents or record of the proceedings, if available. If no record is available, the appellant shall so state. If a record is to be prepared but is not completed within the time provided in paragraph (b) of this rule, the appellant shall so state in the notice of appeal and shall file the record within thirty (30) days after the filing of the notice of appeal, unless the court for good cause shown shall allow additional time.
 

 “(e) How served. If the arbitration arose out of a pending action, service shall be made as provided in Rule 5. If there is no action pending, service shall be made as provided in Rules 4 through 4.4, and upon any counsel who appeared in the arbitration for the party being served.
 

 “(f) Procedure after filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala.Code 1975, § 6-
 
 *1160
 
 6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.
 

 “(g) Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama Rules of Appellate Procedure.”
 

 As discussed above, Findout filed a notice of its arbitration award in the trial court and moved the trial court for an order confirming the award. Loper moved the trial court to set aside the arbitration award and also sought to enjoin Findout from attempting to collect the arbitration award. The trial court in its final order treated Loper’s motions as having been filed pursuant to Rule 59, Ala. R. Civ. P., and directed the circuit court clerk to enter the arbitration award as the conditional judgment of the trial court “subject to the motions filed by Loper to be considered as an appeal” of the arbitration award. The trial court then proceeded to set aside the arbitration award and remanded the matter to the arbitrator.
 
 [6]
 

 Loper argued in its motion to set aside the arbitration award that it refused to participate in the arbitration proceeding because all issues between the parties with respect to the construction of the house on Ono Island had been resolved and releases had been executed absolving both parties of any further obligations with regard to the construction contract. Loper further contended that the arbitration proceeding was unilateral in nature and involved issues then pending in the declaratory-judgment action. Loper argued that the arbitration award was void as a matter of law and should be set aside.
 

 Loper contended in its motion to enjoin Findout from collecting the arbitration award that while the action seeking a judgment declaring whether Loper was obligated to submit to arbitration was pending, Findout unilaterally selected an arbitrator and conducted the arbitration proceeding without Loper’s participation. Loper argued that Findout should be enjoined from collecting the arbitration award because Loper would be prejudiced if Findout collected any of that award.
 

 Findout responded to both motions, contending that they should be denied because Loper had failed to cite any authority that would entitle it either to have the arbitration award set aside or to enjoin Findout from collecting the arbitration award.
 

 As discussed above, the parties agreed that the Alabama Arbitration Act would govern any controversy or claim arising out of the construction contract. Section 6-6-14, Ala.Code 1975, a part of the Alabama Arbitration Act, § 6-6-1 et seq., Ala.Code 1975, provides:
 

 “An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it.”
 

 The stated grounds of “fraud, partiality, or corruption” necessary for vacating an arbi
 
 *1161
 
 trator’s award under § 6-6-14 are exclusive; they may not be expanded by this Court.
 
 Volvo Trucks North America, Inc. v. Dolphin Line, Inc.,
 
 50 So.3d 1050 (Ala.2010)
 

 In this case, Loper failed to assert any of the stated grounds in § 6-6-14 as a basis for setting aside the arbitration award, much less present any evidence that would satisfy a showing of fraud, partiality, or corruption in the making of the arbitration award. Both Findout and the arbitrator implored Loper to participate in the arbitration proceeding while Loper refused to do so in reliance on an unsigned mutual release and settlement agreement. Loper cannot now seek to have the arbitration award set aside based on the same unsigned mutual release and settlement agreement and the unilateral character of the arbitration proceeding when it refused to participate in the proceeding. Accordingly, to the extent it sets aside the arbitration award and remands the proceeding to arbitration, the trial court’s judgment is reversed.
 

 1081633—AFFIRMED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 1081692—REVERSED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, and SHAW, JJ., concur.
 

 MURDOCK, J., dissents (writing to follow).
 

 [1]
 

 . Predispute arbitration agreements under the Alabama Arbitration Act, §§ 6-6-1 thru -16, Ala.Code 1975, contravene Alabama law and are not specifically enforceable. See § 8-1-41(3), Ala.Code 1975, which provides that an agreement to submit a controversy to arbitration cannot be specifically enforced. See also
 
 Alafabco, Inc. v. Citizens Bank,
 
 872 So.2d 798 (Ala.2002), reversed on other grounds by
 
 Citizens Bank v. Alafabco, Inc.,
 
 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003). The issue of enforceability of the predispute arbitration provision agreed upon by the parties in Article 9 of the construction contract was not presented to the trial court, nor was it argued in briefs to this Court. Accordingly, we will not address that issue on appeal.
 

 [2]
 

 . Findout’s motion to dismiss included as exhibits a copy of the construction contract containing the arbitration agreement, the purported mutual release and settlement agreement, and correspondence between Loper and Findout. However, the motion to dismiss was not converted to a motion for a summary judgment, see Rule 12(b), Ala. R. Civ. P., because these materials were specifically referenced in Loper’s petition for a declaratory judgment and were not matters outside the pleading.
 
 Donoghue v. American Nat'l Ins. Co.,
 
 838 So.2d 1032 (Ala.2002),
 
 Lewis v. First Tuskegee Bank,
 
 964 So.2d 36 (Ala.Civ.App.2007).
 

 [3]
 

 . Loper did not rely in support of its declaratory-judgment action on any other mutual release and settlement agreement, whether oral or written, other than the unexecuted mutual release and settlement agreement discussed herein.
 

 [4]
 

 . Although the trial court dismissed Loper's petition on a different ground, this Court may affirm a trial court’s judgment on any valid legal ground, even if that ground was not considered by the trial court.
 
 Ex parte Ryals,
 
 773 So.2d 1011, 1013 (Ala.2000). Further, where a controversy in a declaratory-judgment action is not justiciable, this Court may take notice of the defect ex mero motu.
 
 Riley v. Hughes,
 
 17 So.3d 643 (Ala.2009).
 

 [5]
 

 . Rule 71B, Ala. R. Civ. P., is applicable to this case. Findout, on May 13, 2009, filed its notice of arbitration award in the trial court and moved the trial court for an order confirming the award, and the trial court entered the arbitration award as a conditional judgment on June 10, 2009. See
 
 Lindsey v. Deep South Props., LLC,
 
 29 So.3d 179 (Ala.2009).
 

 [6]
 

 . It does not appear from the record that Findout objected to the trial court's treatment of Loper’s motion to set aside and to enjoin enforcement of the arbitration award as a Rule 59 motion and as a notice of appeal of the arbitration award.