BRYAN, Justice.
Guardian Builders, LLC, and Wayne Tackett (collectively “Guardian”) appeal from an order purporting to deny Guardian’s motion to vacate or modify an arbitration award entered in favor of Randy Uselton and Melissa Uselton. We vacate the order and dismiss the appeal.
In April 2010, the Useltons sued Guardian in the Madison Circuit Court, alleging several claims arising from Guardian’s construction of a house for the Usel-tons. Guardian subsequently filed a motion to compel arbitration, and the circuit court granted that motion in October 2010. On December 21, 2011, the arbitrator entered a final award in favor of the Useltons in the amount of $452,275.20. On January 11, 2012, Guardian filed with the circuit court a motion to vacate or modify the arbitration award, to which it attached a copy of the arbitration award. On May 15, 2012, the Useltons filed a “motion to confirm” the arbitration award and a response to Guardian’s motion to vacate or modify. On May 31, 2012, the circuit court entered an order purporting to deny .Guardian’s motion to vacate or modify the arbitration award, purporting to grant the Useltons’ motion to confirm the arbitration, award, and purporting to order Guardian to pay $1,421.75 in Better Business Bureau fees and facility costs related to the arbitration. Guardian appealed.
The Useltons move this Court to dismiss the appeal on the ground that Guardian failed to comply with the requirements of Rule 71B, Ala. R. Civ. P., which establishes the procedure for appealing an arbitration award to the circuit court. Rule 71B provides:
“(a) Who may appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.
“(b) When filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.
“(c) Where filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
“(d) What filed. With the notice of appeal, the appellant shall file a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators, along with the submission to the arbitrator or arbitrators and any supporting documents or record of the proceedings, if available. If no record is available, the appellant shall so state. If a record is to be prepared but is not completed within the time provided in paragraph (b) of this rule, the appellant shall so state in the notice of appeal and shall file the record within thirty (30) days after the filing of the notice of appeal, unless the court for good cause shown shall allow additional time.
“(e) How served. If the arbitration arose out of a pending action, service shall be made as provided in Rule 5[, Ala. R. Civ. P.]. If there is no action pending, service shall be made as provided in Rules 4 through 4.4[, Ala. R. Civ. P.,] and upon any counsel who appeared in the arbitration for the party being served.
“(f) Procedure after filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the *181 court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, [Ala. R. Civ. P.,] a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.
“(g) Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, [Ala. R. Civ. P.].”
Thus, Rule 71B establishes the following procedure for the appeal of an arbitration award: (1) A party must file a notice of appeal with the appropriate circuit court within 30 days after service of the notice of the arbitration award; (2) the clerk of the circuit court shall promptly enter the award as the final judgment of the circuit court; (3) the aggrieved party may file a Rule 59, Ala. R. Civ. P., motion to set aside or vacate the judgment, and such filing is a condition precedent to further review by any appellate court; (4) the circuit court grants or denies the Rule 59 motion; and (5) the aggrieved party may then appeal from the circuit court’s judgment to the appropriate appellate court.
“Pursuant to this rule, the aggrieved party has no right to appellate review of an arbitration award unless that party has appealed to the circuit court from the arbitration award within 30 days of service of the notice of the award and has timely filed a Rule 59 motion to set aside or vacate the judgment on the arbitration award as described above.”
Committee Comments to Rule 71B Effective February 1, 2009.
In this case, Guardian never filed with the circuit court a document titled a “notice of appeal.” Rather, Guardian attempted to appeal from the arbitration award by filing with the circuit court a motion to vacate or modify the arbitration award, which Guardian filed within 30 days of the entry of the award. The Useltons argue that Guardian does not have a right to appellate review because Guardian did not file a notice of appeal; instead, it filed only a motion to vacate or modify. Conversely, Guardian argues that its motion to vacate or modify the arbitration award may be construed to be both a notice of appeal and a Rule 59 motion, filed pursuant to Rule 71B.
In J.L. Loper Construction Co. v. Findout Partnership, LLP, 55 So.3d 1152 (Ala.2010), this Court addressed a similar situation. In Loper, an arbitrator entered an award in favor of Findout and adverse to Loper. Loper filed with the circuit court a motion to set aside the award. Findout subsequently moved the circuit court to confirm the award, and Loper filed a motion to enjoin Findout from attempting to collect the award. Although Loper did not file a “notice of appeal,” the circuit court treated the motions filed by Loper — the motion to set aside the award and the motion to enjoin enforcement of the award — “ ‘as an appeal of th[e] award’ ” under Rule 71B. 55 So.3d at 1157 (quoting circuit court’s order). The circuit court ordered the clerk of the circuit court to enter the arbitration award as the judgment of that court in accordance with Rule 71B(f). The circuit court then considered Loper’s motion to set aside, i.e., its Rule 59 motion, and granted that motion. Findout appealed to this Court.
*182 In Loper, this Court did not conclude that Loper’s failure to file a separate document titled a “notice of appeal,” in addition to the two motions filed by Loper, precluded further appellate review. Instead, it noted that the circuit court had considered Loper’s motions challenging the arbitration award as a notice of appeal of the award. This Court then reviewed the merits of the circuit court’s judgment setting aside the arbitration award and reversed that judgment. Thus, based on Loper, the circuit court in this case could have treated Guardian’s motion to vacate or modify as a notice of appeal. Guardian attached to that motion a copy of the arbitration award and served a copy of the motion on the Useltons; that motion provided notice that Guardian was appealing the award. We construe Guardian’s motion as a notice of appeal in this case; however, we emphasize that, to avoid potential confusion, a party desiring appellate review of an arbitration award should follow the explicit procedure for appealing established by Rule 71B.
Although we construe Guardian’s motion to vacate or modify the arbitration award as a notice of appeal, we must address additional issues concerning the procedure for appealing an arbitration award used in this case. Most importantly, after Guardian appealed to the circuit court, i.e., after it filed its motion to vacate or modify the award, there is no indication that the clerk of the circuit court entered the arbitration award as the judgment of that court as required by Rule 71B(f). That rule provides that “[t]he clerk of the circuit court promptly shall enter the award as the final judgment of the court” after the filing of the notice of appeal in that court. Rule 71B, which became effective on February 1, 2009, superseded the procedure established by § 6-6-15, Ala.Code 1975. Committee Comments to Rule 71B Effective February 1, 2009 (“[Rule 71B] clarifies the method for taking an appeal from an arbitration award and supersedes the procedure provided by Ala.Code 1975, § 6-6-15.”); and Parham v. American Bankers Ins. Co. of Florida, 24 So.3d 1102, 1104 n. 2 (Ala.2009). Although Rule 71B superseded the procedure established by § 6-6-15, the two procedures are similar in some respects; that similarity informs our discussion on the effect of the noncompliance with Rule 71B(f) in this case.
Under § 6-6-15, a party initiated an appeal from an arbitration award by filing a notice of appeal in the circuit court. See generally Horton Homes, Inc. v. Shaner, 999 So.2d 462, 467 (Ala.2008) (clarifying and modifying the procedure for appealing an arbitration award under § 6-6-15). Like the current procedure under Rule 71B(f), under § 6-6-15 the clerk of the circuit court was required to enter the arbitration award as the judgment of the circuit court. Under § 6-6-15, as under Rule 71B(f), the aggrieved party could then file a Rule 59 motion asking the circuit court to set aside or to vacate the judgment.
Under the procedure established by § 6-6-15, it was essential that the circuit court enter the arbitration award as the judgment of the circuit court. That point was illustrated in Parham v. American Bankers Insurance Co. of Florida, supra. In Parham, American Bankers sought review of an arbitration award in the circuit court. However, the clerk had not entered the award as the judgment of the circuit court. The circuit court later entered an order purporting to grant American Bankers’ motion to vacate the award. On appeal, this Court vacated the circuit court’s order and dismissed the appeal, concluding:
“We find no indication in the record that the clerk of the Shelby Circuit *183 Court entered the arbitrator’s order as the judgment of that court as required under § 6-6-15, Ala.Code 1975; thus, there is no final judgment from which Parham can appeal. Accordingly, the trial court’s ... order [purporting to grant the motion to vacate the award] is void and is hereby vacated, and this appeal is dismissed. See Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998) (‘A judgment of a court without jurisdiction is void. An appeal will not lie from a void judgment.’ (citing, among other eases, Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala.1991))).”
Parham, 24 So.3d at 1104. See also Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008) (stating that, under § 6-6-15, a circuit court’s order purporting to set aside an arbitration award was void because the circuit clerk had not first entered the award as the judgment of the court).
Like § 6-6-15, Rule 71B(f) requires the clerk of the circuit court to first enter the arbitration award as the judgment of that court before the circuit court may act on a motion to set aside the award. In this case, there is no indication that the clerk entered the arbitration award as the judgment of the circuit court. Thus, the circuit court’s order purporting to deny Guardian’s motion to vacate or modify the arbitration award is void. Parham and Jenks. Accordingly, we vacate the order and dismiss the appeal.
We note that, after Guardian filed its motion to vacate or modify the arbitration award, which we have construed as a notice of appeal, the Useltons filed a “motion to confirm” the award. In its order purporting to deny Guardian’s motion to vacate or modify the award, the circuit court also purported to grant the Useltons’ motion to confirm the award, purporting to enter a judgment on the award “for which execution may issue.” Although it is unclear, it appears that the Useltons sought to invoke Rule 71C, Ala. R. Civ. P., in seeking an entry of a judgment by filing their motion to confirm the award. Rule 71C provides, in pertinent part:
“(a) Who may enforce. Any party to an arbitration may seek enforcement of the award entered as a result of the arbitration.
“(b) When filed. If no appeal has been filed pursuant to Rule 71B within thirty (30) days of service of the notice of the award, thereby resulting in a waiver of the right to review, the party seeking enforcement of the award may at any time thereafter seek enforcement of the award in the appropriate circuit court as set forth in paragraph (c) of this rule.
“(c) Where filed. The motion for entry of judgment shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
[[Image here]]
“(f) Procedure after filing. The clerk promptly shall enter the award as the final judgment of the court. After service pursuant to paragraph (e) of this rule, the prevailing party may seek execution on the judgment as in any other case.”
(Emphasis added.)
Rule 71C provides for the entry of a judgment on an arbitration award when an appeal has not been filed from that award pursuant to Rule 71B. However, in this case, Guardian did initiate an appeal of the arbitration award under Rule 71B by filing in the circuit court its motion to vacate or modify the award. Thus, Rule 71C could not have been employed to enter a judgment on that award. Accordingly, the cir *184 cuit court did not have the authority to “confirm” the award by entering a judgment on the award pursuant to Rule 71C.[1] The circuit court also awarded Better Business Bureau fees and facility costs to the Useltons in connection with the entry of the award; it follows that the circuit court lacked the authority to award those fees and costs as well.
In summary, we construe Guardian’s motion to vacate or modify the arbitration award of December 21, 2011, as a notice of appeal under Rule 71B, thus effectuating the appeal of the award to the circuit court. However, because the clerk of the circuit court never entered the award as the judgment of that court, the circuit court’s order of May 31, 2012, purporting to deny Guardian’s motion to vacate or modify is void. Essentially, Guardian’s appeal remains pending in the circuit court, awaiting further procedures under Rule 71B. Further, because Guardian has appealed from the arbitration award under Rule 71B, that award could not be entered as the judgment of the court under 71C. Thus, the circuit court lacked authority to enter a judgment on the award under Rule 71C and to award Better Business Bureau fees and facility costs in connection with the entry of that judgment. We vacate the circuit court’s May 31, 2012, order, and we dismiss the appeal.
ORDER VACATED; APPEAL DISMISSED.
STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.
MOORE, C.J., concurs in the result.

. Furthermore, we note that Rule 71C(f) directs the clerk of the circuit court to enter an award as the judgment of the circuit court, which was not done in this case.