SHAW, Justice.
Raymond James Financial Services, Inc. (“Raymond James”), and its employee, Bernard Michaud, the defendants below (hereinafter collectively referred to as “RJFS”), appeal from an order of the trial court vacating an arbitration award in their favor and entering a judgment in favor of Kathryn L. Honea, the plaintiff below. We dismiss the appeal for lack of subject-matter jurisdiction.
Honea, who had multiple investment accounts with Raymond James, sued RJFS in the Jefferson Circuit Court alleging violations of the Alabama Securities Act and seeking damages for breach of contract, breach of fiduciary duty, negligence, wantonness, and fraud. RJFS moved to compel arbitration, and the trial court granted the motion.
An arbitration panel unanimously entered an award in favor of RJFS on Ho-nea’s claims. Honea filed a motion in the Jefferson Circuit Court seeking to vacate the arbitration award. The trial court ultimately vacated the award, and RJFS appealed. On appeal, this Court reversed the trial court’s judgment vacating the arbitration award, holding that a provision in the arbitration agreement Honea had signed when she opened the accounts required the trial court to conduct a de novo review of the arbitration award, and remanded the case for it to conduct such a review. Raymond James Fin. Servs., Inc. v. Honea, 55 So.3d 1161, 1162-64 (Ala.2010) (“Raymond James I ”).
On remand, the trial court conducted a de novo review of the arbitration award. Thereafter, it entered a lengthy and detailed order vacating the award and entering a judgment in favor of Honea in the amount of $1,169,113.35. RJFS appeals.
In their briefs to this Court, as in Raymond James I, neither side raised an argument concerning this Court’s jurisdiction to hear the present appeal. However, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
“In Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197 (Ala.2009), this Court stated:
“With some exceptions not applicable here, this Court is without jurisdiction to hear an appeal in the absence of a final judgment. See Hamilton ex rel. Slate-Hamilton v. Connolly, 959 So.2d 640, 642 (Ala.2006) (quoting Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)). We therefore must consider whether a final judgment exists from which this appeal may lie.
“ ‘In Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), this Court made clear that a judgment entered by the circuit clerk on an arbitration award pursuant to § 6-6-15, Ala.Code *1014 1975, “does not become a final appeal-able judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award.” 999 So.2d at 467. Furthermore, as this Court observed in Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008), the trial court’s order on such a motion is void unless the circuit clerk has first entered the arbitration award as the judgment of the court.
“ ‘It follows from these cases, and, more importantly, from the plain language of § 6-6-15, Ala.Code 1975, which governs the procedure for effecting an appeal in this case, that an arbitration award does not constitute a final judgment subject to review in our appellate courts merely upon the filing of the award, along with a notice of appeal, in the appropriate circuit court. See § 6-6-15, Ala.Code 1975 (“[T]he clerk or register shall enter the [arbitration] award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award ... the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases.” (emphasis added)); cf. Birmingham News Co. v. Horn, 901 So.2d 27, 31 (Ala.2004) (“On January 13, 2003, the circuit clerk entered the arbitrators’ awards as the judgments of the court. The trial court did nothing further, so that on January 23, 2003, pursuant to Ala.Code 1975, § 6-6-15, the judgments became final.” (footnote omitted)), overruled on other grounds, Hereford v. D.R. Horton, Inc., 13 So.3d 375, 381 (Ala.2009), and Horton Homes, supra; Collins v. Louisville & Nashville R.R., 70 Ala. 533, 533-34 (1881) (“In the absence of a statute authorizing it, an appeal, writ of error, or other revisory remedy, will not lie to any court from the award of arbitrators .... The statute (Code of 1876, § 3547) authorizes the courts of primary jurisdiction to enter ... the award of arbitrators, as the judgment or decree of the court ...; and, employing the language of the statute, ‘from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal shall lie, as in other cases.’ ... The statute gives an appeal from that judgment, and not from the award.”).’
“12 So.3d at 1199-1200 (footnote omitted).
“We find no indication in the record that the clerk of the Shelby Circuit Court entered the arbitrator’s order as the judgment of that court as required under § 6-6-15, Ala.Code 1975; thus, there is no final judgment from which Parham can appeal. Accordingly, the trial court’s February 6, 2008, order is void and is hereby vacated, and this appeal is dismissed. See Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998) (‘A judgment of a court without jurisdiction is void. An appeal will not lie from a void judgment.’ (citing, among other cases, Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala.1991))).”
Parham v. American Bankers Ins. Co. of Florida, 24 So.3d 1102, 1103-04 (Ala.2009) (first emphasis added; footnotes omitted). See also Dawsey v. Raymond James Fin. Servs., Inc., 17 So.3d 639, 641-42 (Ala.2009).
There is no indication in the record that the arbitration award to RJFS in this case was entered as the judgment of the trial court. Both parties acknowledge on appeal that the award has not been entered *1015 as a judgment of the trial court.[1] In consideration of the foregoing, and the undisputed fact that the arbitration award to RJFS was not entered as a judgment of the trial court as required by § 6-6-15, Ala.Code 1975, we can reach no other conclusion but that the trial court lacked subject-matter jurisdiction to review the award on remand. Accordingly, the trial court’s judgment purporting to vacate that award and to enter a judgment in favor of Honea is void and will not sustain an appeal, Parham, supra, and this appeal is dismissed.
APPEAL DISMISSED.
MOORE, C.J., and STUART, PARKER, and WISE, JJ., concur.

. It appears from the record that the issue was actually discussed at a hearing.